```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


SAMMONS TRANSPORTATION, INC.       §
d/b/a SAMMONS TRUCKING,            §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §    CIVIL ACTION NO. H-11-1863
                                   §
XXTREME PIPE SERVICES, LLC,        §
as Successor in Interest of        §
XXTREME PIPE STORAGE, LLC,         §
                                   §
        Defendant.                 §
```

## **MEMORANDUM AND ORDER**

Pending is Plaintiff's Motion for Summary Judgment (Document No. 30) and Defendant's Cross Motion for Summary Judgment (Document No. 39). After carefully considering the motions, responses, replies, sur-reply, and applicable law, the Court concludes as follows.

### I. Background

Plaintiff Sammons Transportation, Inc. d/b/a Sammons Trucking ("Plaintiff") seeks to recover from Defendant Xxtreme Pipe Services, LLC, as successor in interest to Xxtreme Pipe Storage, LLC ("Defendant") "$129,790 in freight charges for interstate transportation services provided at the request and benefit of

Defendant."[1]  Plaintiff is a motor carrier that delivered or arranged for others to deliver from California to Defendant's storage yard in Channelview, Texas, 54 shipments of pipe, as per non-party Caprock Pipe & Supply, Inc.'s ("Caprock") requests for such transportation.  Caprock had sold the pipe to Texas Black Iron, Inc. ("Black Iron"), which, in turn, obtained Caprock's agreement to organize and pay for transportation of the pipe to Defendant's Texas storage yard.  Caprock never paid Plaintiff for the transportation charges, so Plaintiff sued Caprock in Montana and received a judgment against Caprock for those charges, which has not been satisfied.[2]  Plaintiff now seeks to recover the transportation charges from Defendant as the consignee of the pipes based on 49 U.S.C. § 13706, breach of contract, account stated, or quantum meruit.

## II.  Discussion

A.  Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Once the movant carries

---

[1] Document No. 2 at 1 (1st Am. Cmplt).

[2] Id. at 38, 40.

this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for

the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B.  Account Stated

Plaintiff alleges an account stated claim, seeking to recover the transportation costs based on an account it opened for Caprock. Plaintiff also requests attorneys' fees under this claim "because this is a suit on an account." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(7) (West 2008). Plaintiff attaches to its First Amended Complaint an account statement for Caprock, which evidently contains the charges for at least 52 of the shipments, and an accompanying affidavit from Plaintiff's Treasurer/CFO.[3] In response to Defendant's motion for summary judgment, Plaintiff "concedes that the open account was with Caprock and not Xxtreme in

---

[3] Document No. 2, ex. 1 & ex. A. Defendant also presents deposition testimony confirming that the account is for Caprock. Document No. 39, ex. A at 31:9-25 & 32:1-15.

this case" and makes no argument to support its account stated claim.[4]

The elements for an account stated claim are: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. Dulong v. Citibank (South Dakota), N.A., 261 S.W.3d 890, 893 (Tex. App.--Dallas, 2008, no pet.). Plaintiff has not produced evidence to raise a genuine issue of material fact that Plaintiff and Defendant had an express or implied agreement for Defendant to pay a fixed amount of money, and Defendant is therefore entitled to summary judgment dismissing this claim.

C.  Title 49 U.S.C. § 13706, Breach of Contract, and Quantum Meruit

The summary judgment evidence includes numerous delivery orders, shipping receipts, bills of lading, and other documents, some identifying Defendant as a consignee and others not doing so, some signed by Defendant's employees Ricardo Gomez and/or Kelvin Acuno and others not, some making reference to Black Iron and others not, and nearly all of such documents being for the most part illegible. The summary judgment evidence leaves in question

---

[4] Document No. 43 at 11.

whether Defendant was or was not the consignee of the goods and, if not, whether Plaintiff knew that Defendant was only the agent for another party who had beneficial title.  The absence of summary judgment evidence that Defendant delivered to Plaintiff the statutorily permitted written notice disavowing it was the consignee and identifying the beneficial owner complicates this factual inquiry.  In short, neither party has shown itself to be entitled as a matter of law to summary judgment on all shipments, and genuine issues of material fact preclude summary judgment. Likewise, because Plaintiff's quantum meruit claim may be maintained only if Plaintiff has no contractual or statutory basis for recovery, which cannot be determined on summary judgment, that claim too must await trial.  *See* <u>Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.</u>, 787 S.W.2d 942, 944 (Tex. 1990) ("Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished.").

### III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 30) is DENIED.  It is further

ORDERED that Defendant Xxtreme Pipe Services, LLC's Cross Motion for Summary Judgment (Document No. 39) is GRANTED as to

Plaintiff's account stated claim and this claim is DISMISSED with prejudice.  Defendant's motion is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED in Houston, Texas, this 19th day of October, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE